IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-242-DRH |
| | ) | |
| APEX OIL COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Discovery Dispute that was the subject of an in person conference held on February 9, 2006.

Apex Oil requested the conference in order to seek an order compelling the government to produce e-mails that are responsive to a First Request for Production of Documents to which the government responded on October 3, 2005.  The request generally seeks documents related to the hydrocarbon plume that is at issue in this lawsuit.  Apex Oil specifically seeks e-mails responsive to requests 6 through 17.  The government objected to the requests as being unduly burdensome especially in light of the limited relevance of the documents.

Apex Oil represented to the Court that it seeks all e-mails, regardless of time, from all persons who are employees of the EPA and involved in this matter.  The Court finds that such a request is overly burdensome.  It would implicate each and every employee of the EPA searching his or her computer in order to find out if some e-mail is related to this litigation. Nonetheless, e-mails regarding this matter are clearly relevant to this lawsuit.  As indicated in the conference, then, the discovery requests are limited to those persons within the EPA who are known to be associated with this matter: Steve Faryon (a regional supervisor located in Chicago, IL), Kevin Turner (an on-site EPA employee located in Marion, IL), Brian Barwick (an

attorney), and Mike Joyce (whose exact title is unknown).  The government shall produce all relevant e-mail correspondence, not privileged, from these four persons that are responsive to the requests as soon as is practicable.  In turn, Apex Oil shall produce, as soon as is practicable, e-mail correspondence between its employees, Doug Hommert, Jeffrey Call, and Anthony Novelli[1], that are related to this matter.

     Finally, the government raised the issue of a comprehensive limit on the discovery process in this case.  The government contends that, at this point in the litigation, discovery is proceeding into areas that are only tangential, or of no relevance, to the claims and defenses in this lawsuit.  Specifically, the government is concerned that discovery into the activities of other oil companies in this geographical area is not relevant to any issue before the Court in this lawsuit – the government essentially asserts that because there is joint and several liability under the statute, whether or not other oil companies contributed to the plume at issue is irrelevant.  The relevancy of discovery necessarily requires an analysis of the claims asserted by the Plaintiff and the possible defenses that a Defendant can assert.  In order to make such a broad determination, the parties essentially would have to submit briefs that are similar, in scope and length, to a motion for summary judgment.  It is not the province of this Court to make such a determination: in this non-consented case, the determination of what claims and defenses are viable are left to the sound judgment of the District Court.  The government may be entirely accurate in its assessment of the law and the ultimate irrelevance of information concerning other spills and oil companies.   However, the Defendant may have at least a colorable argument that

---

[1] The government also sought the e-mail correspondence of Jim O'Brien, Apex Oil's lead counsel.  Such material either is attorney-client privileged or protected by the work product doctrine.

such an assessment is incorrect under the statute or case authority.  As such, this Court will not broadly limit the scope of discovery at this point.  If the parties have any further dispute regarding specific discovery requests and responses, they may contact chambers to set a conference.

**DATED: February 9, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
