IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**APEX OIL COMPANY, INC.**

**Defendant.**                                              **No. 05-CV-242-DRH**

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Before the Court is a motion to reconsider submitted by Defendant Apex Oil ("Defendant"). (Doc. 67.) In that motion, Defendant reasserts and expands upon an argument it made earlier, namely that partial summary judgment should not be granted here because the government may seek monetary damages via alternate means. More specifically, Defendant argues that despite the fact that the government brings suit exclusively under the Resource Conservation and Recovery Act ("RCRA"), **42 U.S.C. § 6973**, because the government may, in its view, alternatively obtain pecuniary relief under the Oil Pollution Act ("OPA"), **33 U.S.C. § 1321(c)(1)**, the government's RCRA injunction claim is a dischargeable "claim" for purposes of Apex's bankruptcy. (Doc. 68, p. 2.) The government responds in opposition. (Doc. 70.)

### II. Analysis

### A. Reconsideration

As this Court has held,

> Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." ***Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)** (citing ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)**). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. ***LB Credit Corp.*, 49 F.3d at 1267** (quoting ***Federal Deposit Ins. Co. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)**). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." ***In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)**.

***Sanders v. U-Haul Int'l*, No. 05-cv-0684-DRH, 2006 WL 1308571, *1 n.1 (S.D. Ill. May 20, 2006)**.

As an initial matter, there is no hint here of new evidence that would benefit Defendant. As such, all of Defendant's arguments could have been asserted in its earlier brief. To the extent Defendant's instant arguments exceed or expand upon earlier arguments, therefore, the new arguments will not now be considered. ***Moro*, 91 F.3d at 876**.[1]

---

[1] The Court notes that when Defendant originally set forth the argument it now reasserts in its motion for reconsideration, it did so in four paragraphs taking up approximately a page. (Doc. 32, p. 16.) Defendant's motion for reconsideration, in contrast, spans eight pages. (Doc. 68.) The Court will not consider Defendant's new arguments.

That having been said, the Court must decline Defendant's request to revisit its four-paragraph argument that the availability of monetary relief under other statutes precludes partial summary judgment here. The Court did not address that argument earlier, frankly, because it was unnecessary to do so. The issue in the government's motion for partial summary judgment was whether or not an injunction issued *under RCRA* could give rise to monetary damages. That was it. The government did not bring suit under any other statute. Count II of the Complaint — on which the Court granted partial summary judgment — furthermore, relates exclusively to the government's RCRA claim. (Doc. 1, Gov. Compl., p. 11.) The Court fails to comprehend how an injunction issued under RCRA could give rise to a right to payment under OPA. *See* ***In re Torwico Electronics, Inc.*, 8 F.3d 146, 151 n.6 (3d Cir. 1993)**. The Court's grant of partial summary judgment, accordingly, need not be reconsidered.

### B. Certificate of Appealability

Pursuant to **28 U.S.C. § 1292(b)**,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Certificates of appealability, as a general matter, are "disfavored" because they

"frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system. For these reasons, the preferred practice is to defer appellate review until the entry of a final judgment . . . ." ***Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998)** (citing ***Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74 (1978)**) (citation omitted). Interlocutory appeal is available only when "(1) an appeal presents an question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." ***Boim v. Quranic Literacy Inst.* 291 F.3d 1000, 10007 (7th Cir. 2002)** (citing ***Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000)**).

Here, Defendant has failed to suggest how this litigation might, in any way, be expedited by certification.[2] In fact, certification would likely materially delay this case. This matter has a presumptive trial month of October, 2006. (Doc. 9.) By setting an appeal into motion at this late juncture, the Court would likely cause a final resolution of this matter to be pushed back — not sped up — considerably. As such, the Court declines to issue a certificate of appealability here.

---

[2] Defendant actually seeks to certify two issues. (Doc. 68, p. 7.) The second issue, however, relates to the OPA, which the government's Complaint does not invoke. (Doc. 1, Gov. Compl.)

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration. (Doc. 67.)

**IT IS SO ORDERED**.

Signed this 15th day of August, 2006.

          /s/        David   RHerndon
**United States District Judge**