**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**APEX OIL COMPANY, INC.**

**Defendant.**                                                                                          **No. 05-CV-242-DRH**


**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

A bench trial was held in this matter from January 7, 2008 through February 5, 2008. At the conclusion of all the evidence, the Court took the matter under advisement. The Court also directed the parties to file in writing each of their motions/renewed motions to bar the testimony of certain witnesses. Now pending before the Court is the United States' supplemental motion to strike testimony of Eric Butler (Doc. 181), Defendant Apex Oil's motion to strike testimony and report of Theresa Gustafson (Doc. 185), and Defendant Apex Oil's renewed motion to strike trial testimony and report of Dr. Christopher Weis (Doc. 186). The Court has reviewed the testimony of each of the witnesses, as well as the briefs in support and in opposition to each of these motions. Having carefully considered all of the facts, opinions, and arguments, the Court finds as follows.

1

## II. **Analysis**

A.  **Legal Standard**

Each of the pending motions was filed pursuant to **Federal Rule of Evidence 702**. Prior to trial, the Court considered motions to strike the testimony of Eric Butler (Doc. 82) and Theresa Gustafson (Doc. 85). The Court entered orders denying both motions. (Docs. 91, 101.)

As discussed in each of those orders, the admissibility of expert testimony in federal court proceedings is governed by **FEDERAL RULE OF EVIDENCE 702.**[1] **RULE 702**, the codification of the Supreme Court's decision in ***Daubert***, requires the trial judge to perform a gatekeeping function with respect to expert testimony. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).** Generally, the trial judge must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." ***Id.* at 589**. In general, the factors to be considered in assessing reliability include whether the expert's theory may be tested or refute, the degree of acceptance of the theory or technique within the relevant community, and whether the theory has been a subject of peer review or publication. ***See Daubert*, 509 at 593-94**.

In the previous orders, the Court noted that other courts have held that

---

[1] **FEDERAL RULE OF EVIDENCE 702** provides:
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

the **Rule 702** inquiry may vary slightly in the case of a bench trial. As the Seventh Circuit has held:

> It is not that evidence may be less reliable during a bench trial; it is that the court's gatekeeping role is necessarily different. Where the gatekeeper and the factfinder are one and the same-that is, the judge-the need to make such decisions prior to hearing the testimony is lessened . . . . That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

***In re Salem*, 465 F.3d 767, 776-777 (7th Cir. 2006)**. ***See also In re Fedex Ground Package System, Inc., Employment Practices Litigation*, 2007 WL 3027405 (N.D.Ind. 2007) (Miller, C.J.) (holding that there is "little reason to think a judge can dispassionately scrutinize an expert's opinion for reliability under Rule 702, only to be injudiciously affected by the same opinion. For that reason, '[t]he "gatekeeper" doctrine. . . is largely irrelevant in the context of a bench trial.'") *Id.* quoting *Deal v. Hamilton County Bd. Of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004)**. Although not binding, this Court finds the reasoning of Chief Judge Robert Miller persuasive. The purpose of **Rule 702** is to protect juries from misleading or unreliable testimony. ***Daubert,* 509 US at 589**. In a bench trial, the judge applies essentially the same analysis with respect to what weight, if any, to give to an expert's testimony as it would in a **Rule 702** analysis. The Court

3

previously noted that any

> question of whether the expert is credible or whether his or her theories are correct given the circumstances of a particular case is a factual one that is left for the [factfinder] to determine after opposing counsel has been provided the opportunity to cross-examine the expert regarding his conclusions and the facts on which they are based.

***Smith v. Ford Motor Company*, 215 F.3d 713, 719 (7th Cir. 2000)**. With these standards in mind, the Court turns to each of the pending motions.

**B.     United States' Motion to Strike Testimony of Eric Butler**

Prior to hearing Mr. Butler's testimony, the Court held that Mr. Butler's testimony was admissible under **Rule 702**. The Court found that Mr. Butler was qualified to offer expert opinions in the areas addressed by his report and that his testimony was sufficiently relevant and reliable to be admitted. (Doc. 91.) The Court noted, however, that the weight that should be afforded Mr. Butler's testimony was an appropriate question to be raised during cross-examination.

After hearing Mr. Butler's testimony and on further consideration of the record, the Court has determined that Mr. Butler's opinions regarding the lack of a connection between the non-aqueous phase liquid hydrocarbons ("NAPL") present on top of the groundwater beneath Hartford, Illinois and hydrocarbon vapors in the shallow soil gas should be disregarded. ***See Elliot v. Commodities Futures Trading Co.*, 202 F.3d 926, 934 (7th Cir. 2000)**. The Court found Mr. Butler's testimony lacking in credibility. Mr. Butler failed to provide the Court with a reliable

reference standard for measuring the hydrocarbon vapors as they pass through various types of subsurface. As such, the Court did not find Mr. Butler's opinions in this matter to be persuasive. Therefore, the Court **DENIES** the United States' motion to strike Mr. Butler's testimony. (Doc. 181.) However, the Court will afford no weight to the opinions offered by Mr. Butler.

C.     **Apex Oil's Motion to Strike Testimony of Theresa Gustafson**

Likewise, prior to trial, the Court denied a motion by Apex Oil to strike the testimony of Theresa Gustafson. (Doc. 85.) The Court's held that Ms. Gustafson's "professional expertise, in this case, is a valid basis for Ms. Gustafson's opinions and that any issue regarding the reliability of Ms. Gustafson's testimony goes to the weight of her testimony and, therefore, her testimony should not be barred outright." (Doc. 101, p. 3.)

During the course of Ms. Gustafson's testimony at trial, it became apparent to the Court that Ms. Gustafson's estimations regarding stock losses due to pipeline leaks were not sufficiently reliable and that little to no weight should be given to her calculations. Ms. Gustafson herself did not attempt to suggest that her estimations were anything more than a "rough estimate." On the other hand, the Court did not find all of Ms. Gustafson's testimony to be unreliable. Ms. Gustafson has extensive experience and knowledge regarding the petroleum industry. Therefore, the Court **DENIES** Apex Oil's motion to strike Ms. Gustafson's testimony. (Doc. 185), but will disregard her estimations regarding stock losses.

5

**D.     Apex Oil's Motion to Strike Testimony of Dr. Christopher Weis**

At the close of evidence, Apex Oil moved to strike the testimony and report of Dr. Christopher Weis. (Doc. 156.) The Court denied the motion. Apex Oil has now renewed that motion in writing. For the following reasons, the Court reaffirms its previous decision and **DENIES** the renewed motion. (186.)

Apex Oil contends that Dr. Weis' conclusions about the risk of elevated hydrocarbon levels are based on nothing more than his own *ipse dixit*. The United States responds that Dr. Weis' primary role was to explain to the Court basic scientific concepts and how they related to the present case. In addition, the United States argues that if Apex Oil believed that Dr. Weis was not qualified and that his methodology was unreliable that Apex Oil should have filed a motion barring Dr. Weis' testimony long ago. The Court agrees with both of these assertions. The Court found Dr. Weis' testimony to be extremely reliable and credible. Apex Oil had the opportunity to extensively cross-exam Dr. Weis and to put on other evidence to refute Dr. Weis' findings. Any weakness in Dr. Weis' testimony goes to the weight that should be afforded his opinions, not to admissibility.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** the United States' supplemental motion to strike testimony of Eric Butler (Doc. 181), **DENIES** Defendant Apex Oil's motion to strike testimony and report of Theresa Gustafson (Doc. 185), and **DENIES** Defendant Apex Oil's renewed motion to strike trial

testimony and report of Dr. Christopher Weis (Doc. 186).

**IT IS SO ORDERED**.

Signed this 28th day of July, 2008.

/s/   *David R Herndon*

**Chief Judge**
**United States District Court**